UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

GABRIELA YAMILETH MARTINEZ
ZALDANA,                                                             Petitioner,

v.                                                          Civil Action No. 4:26-cv-11-DJH

JASON WOOSLEY, Jailer, Grayson County
Detention Center et al.,                                             Respondents.

* * * * *

## MEMORANDUM AND ORDER

Gabriela Yamileth Martinez Zaldana, a noncitizen resident of Indiana currently detained in the Western District of Kentucky, seeks a writ of habeas corpus pending removal proceedings. She alleges that her detention by immigration authorities violates the Immigration and Nationality Act, the Administrative Procedure Act, and the Due Process Clause of the Fifth Amendment. (Docket No. 1) The Court granted the parties' joint motion to forgo a show-cause hearing given the absence of a material factual dispute (D.N. 10), and the parties have submitted briefs setting out their respective legal arguments (D.N. 8; D.N. 11). After careful consideration, the Court will grant Martinez Zaldana's petition for the reasons explained below.

I.

Martinez Zaldana is a "19-year-old native and citizen of El Salvador who entered the United States in 2021 at the age of fifteen." (D.N. 1, PageID.1 ¶ 1; *see* D.N. 1-1, PageID.49) Upon her arrival, the Department of Homeland Security designated her as an "unaccompanied alien child."[1] (D.N. 1, PageID.11 ¶ 41) "Pursuant to the Trafficking Victims Protection Reauthorization

_____

[1] An "unaccompanied alien child" is a child who "has no lawful immigration status in the United States," "has not attained 18 years of age," and for whom "there is no parent or legal guardian in

1

Act," 8 U.S.C. § 1232, Martinez Zaldana was "transferred to the custody of the Office of Refugee Resettlement," an agency under the Department of Health and Human Services.  (*Id.*, PageID.12 ¶ 41)  The Office of Refugee Resettlement then "released [Martinez Zaldana] into the care and custody of her grandmother," who was appointed as her legal guardian by an Indiana court.  (*Id.* ¶ 42, 45; *see* D.N. 1-1, PageID.52–54)  Upon her release, Martinez Zaldana was issued a Notice to Appear in immigration court for removal proceedings (D.N. 1, PageID.2 ¶ 2; *see* D.N. 1-1, PageID.49); however, the Department of Homeland Security "never filed the [Notice to Appear] with the immigration court, thereby never initiating removal proceedings, as is common practice with unaccompanied minors."  (D.N. 1, PageID.2 ¶ 2)  Martinez Zaldana also has a pending petition for Special Immigrant Juvenile (SIJ) status (D.N. 1, PageID.14 ¶ 51; *see* D.N. 1-1, PageID.55), which "provides a pathway to lawful permanent residency: once a juvenile immigrant's SIJ petition is approved, the juvenile immigrant may then apply to adjust their status to lawful permanent resident." *Puerto-Hernandez v. Lynch*, No. 1:25-cv-1097, 2025 WL 3012033, at *4 (W.D. Mich. Oct. 28, 2025) (citing 8 U.S.C. § 1255(a), (h)).  On December 5, 2025, Martinez Zaldana was arrested in Noblesville, Indiana, for driving without a license.  (D.N. 1, PageID.13 ¶ 47)  On December 10, 2025, she was transferred to the custody of U.S. Immigration and Customs Enforcement (ICE) pursuant to a detainer.  (*Id.* ¶ 48; *see* D.N. 8-1, PageID.101)  On the same day, she was placed in removal proceedings via a new Notice to Appear, (D.N. 8-1, PageID.95), and served with an administrative warrant authorizing her detention under 8 U.S.C. § 1226.[2]  (*Id.*,

---

the United States" or "no parent or legal guardian in the United States is available to provide care and physical custody."  6 U.S.C. § 279(g)(2).

[2] The arrest warrant authorized detention under section 236 of the Immigration and Nationality Act (D.N. 8-1, PageID.99), which is codified at 8 U.S.C. § 1226.  *Barrera v. Tindall*, No. 3:25-cv-541-RGJ, 2025 WL 2690565, at *1 n.1 (W.D. Ky. Sep. 19, 2025).  The Court uses United States Code citations in this Memorandum and Order.

PageID.99)  She is currently detained at the Grayson County Detention Center.  (D.N. 1, PageID.2 ¶ 6)

Martinez Zaldana seeks a writ of habeas corpus against Grayson County Jailer Jason Woosley, Chicago ICE Field Office Director Samuel Olson, Acting Director of ICE Todd Lyons, Department of Homeland Security Secretary Kristi Noem, and U.S. Attorney General Pamela Bondi.  (*See id.*, PageID.7–8 ¶¶ 25–29)  Martinez Zaldana alleges that her detention without a bond hearing violates the Immigration and Nationality Act, 8 U.S.C. §§ 1225–1226; the Administrative Procedure Act; and the Due Process Clause of the Fifth Amendment.  (*See id.*, PageID.36–44 ¶¶ 123–60)  Martinez Zaldana asks the Court to order her immediate release or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226.  (*See id.*, PageID.18 ¶ 67)  Respondents argue that (1) § 1225's mandatory-detention framework applies to Martinez Zaldana "regardless of the duration of [her] presence in the United States, [her] distance from the border when apprehended, or any affirmative acts taken to secure lawful status or relief"; (2) Martinez Zaldana, as an applicant for admission, "necessarily is 'seeking admission'" under § 1225; (3) Respondents' "reading of Section 1225(b)(2) does not render Section 1226(c) superfluous"; and (4) Martinez Zaldana's detention does not violate due process because she "was afforded all the process [she] was due" under § 1225.[3]  (D.N. 8-2, PageID.136–37, 139)

---

[3] Respondents do not dispute that the Court has jurisdiction to review Martinez Zaldana's petition (*see* D.N. 8-2, PageID.121).  *See Lopez v. Olson*, No. 3:25-cv-654-DJH, 2025 WL 3217036, at *2 (W.D. Ky. Nov. 18, 2025) ("[28 U.S.C. § 2241] confers jurisdiction [on district courts] to hear habeas corpus challenges to the legality of a noncitizen's detention." (citing *Rasul v. Bush*, 542 U.S. 466, 483–84 (2004))), *appeal docketed*, No. 26-5047 (6th Cir. Jan. 20, 2026).  Nor do Respondents argue whether Martinez Zaldana must exhaust her administrative remedies.  (D.N. 8-2, PageID.135 n.4)  Thus, the Court need not address these issues.

## II.

### A.     Immigration and Nationality Act

Martinez Zaldana argues that "the mandatory detention provision of § 1225(b)(2)(A) does not apply to [her]" because she had "already entered and was residing in the United States at the time [she] was apprehended."   (D.N. 1, PageID.35 ¶ 121)   Respondents argue that § 1225 authorizes Martinez Zaldana's detention, incorporating by reference arguments in the appellate brief from *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771 (E.D. Mich. 2025), *appeal docketed*, No. 25-1965 (6th Cir. Oct. 27, 2025).  (*See generally* D.N. 8-2)

Respondents' arguments are nearly identical to those made in *Alonso v. Tindall*, No. 3:25-cv-652-DJH, 2025 WL 3083920 (W.D. Ky. Nov. 4, 2025), *appeal docketed*, No. 25-6167 (6th Cir. Dec. 29, 2025).   The Court thus summarizes and incorporates by reference its reasoning and determination from that decision.   There, the Court found that the petitioner was not "seeking admission," and thus not subject to mandatory detention under § 1225, because he had resided in the United States for an extended period.  *See id.* at *6.  Likewise, Martinez Zaldana is not "seeking admission" for purposes of § 1225(b)(2)(A).  *See id.* ("The phrase 'seeking admission,' though not defined in the statute, 'implies action—something that is currently occurring, and in this instance, would most logically occur at the border upon inspection.'" (quoting *Lopez-Campos*, 797 F. Supp. 3d at 781)); *Hyppolite v. Noem*, No. 25-CV-4304 (NRM), 2025 WL 2829511, at *9 (E.D.N.Y. Oct. 6, 2025) ("[T]he category of applicants for admission covered by § 1225(b)(2) who are 'seeking admission' is meant to refer to those who are presenting themselves at the border, or who were recently apprehended just after entering.").  Although the petitioner in *Alonso* had been present in the United States for more than a decade, *see* 2025 WL 3083920 at *1, and Martinez Zaldana has resided here for approximately four years (D.N. 1, PageID.1 ¶ 1), this Court and others have found

§ 1225 inapposite where petitioners had resided in the United States for shorter periods. *See, e.g.*, *Singh v. Lewis*, No. 4:25-cv-133-DJH, 2025 WL 3298080, at *4 (W.D. Ky. Nov. 26, 2025) (around two years); *Hyppolite*, 2025 WL 2829511, at *1 (three years); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 481 (S.D.N.Y. 2025) (two years); *see also Puerto-Hernandez*, 2025 WL 3012033, at *2, *9 (finding that petitioner with a pending SIJ application, "who ha[d] resided in the United States and w[as] already present within the United States without being admitted or paroled at the time that [he was] apprehended," was detained under § 1226(a)); *Ichich Xo v. Daley*, No. 25-176-DLB, 2025 WL 3657230, at *5 (E.D. Ky. Dec. 17, 2025) (concluding that petitioner who entered the United States as an unaccompanied minor and "who ha[d] resided in the United States for over three years [was not] actively seeking admission" (internal quotation marks omitted)).

Respondents additionally argue that their position "does not render Section 1226(c) superfluous." (D.N. 8-2, PageID.137) They claim that "[a]lthough Section 1226(c) and Section 1225(b)(2) overlap for some aliens, each provision has independent effect." (*Id.*, PageID.154) As the Court explained in *Alonso*, the recent amendment to § 1226, codified in § 1226(c)(1)(E), "applies to noncitizens who are inadmissible under 8 U.S.C. § 1182(a)(6)(A) and who have been charged with, arrested for, or convicted of 'burglary, theft, larceny, shoplifting, or assault of a law enforcement officer . . . , or any crime that results in death or serious bodily injury to another person.'" 2025 WL 3083920 at *6 (quoting § 1226(c)(1)(E)(ii)). "Considering that § 1182(a)(6)(A)(i) specifically refers to aliens 'present in the United States without being admitted or paroled,' and that § 1226(c)(1)(E) requires detention without bond of these individuals if they have also committed a felony, the recently created statutory exception would be redundant if § 1225(b)(2) authorized their detention as well." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *5 (E.D. Mich. Sep. 9, 2025) (citation omitted). Thus, despite overlap

between § 1225(b) and § 1226(c) regarding noncitizens who have not been admitted or paroled, Respondents' reading of § 1225 would render § 1226(c) superfluous. *See id.* ("[B]ecause an alien present in the United States without admittance would be unlikely to prove that they are 'clearly and beyond a doubt entitled to be admitted [under § 1225(b)(2)(A)],' ICE would never need to rely on § 1226(c)(1)(E) to detain them." (citations omitted)); *Hurtado v. Jamison*, No. 25-6717, 2025 WL 3678432, at *5 (E.D. Pa. Dec. 18, 2025) ("[T]hese recent amendments drive home the conclusion that Congress never intended § 1225(b)(2)(A) to apply to noncitizens who have been permitted to come into [the United States], on parole or otherwise, and have been residing in this country for years.").

Respondents also maintain that their position is consistent with the Supreme Court's opinion in *Jennings v. Rodriguez*, 583 U.S. 281 (2018). (*See* D.N. 8-2, PageID.161–63) *Jennings* considered whether §§ 1225(b), 1226(a), and 1226(c) require providing periodic bond hearings to noncitizens detained under those provisions. *See* 583 U.S. at 286, 291. As Respondents note, "the Supreme Court [in *Jennings*] did not rule on whether non-admitted or inadmissible aliens fell within Section 1226(a) as opposed to Section 1225(b)(2)(A)." (D.N. 8-2, PageID.163) Whether Respondents' position is consistent with *Jennings* is thus not dispositive here. In any event, *Jennings* stated that "§ 1226 applies to aliens already present in the United States[, and §] 1226(a) creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings." 583 U.S. at 303. The opinion also described § 1225(b)(1) and (b)(2) as "authoriz[ing] the [g]overnment to detain certain aliens *seeking admission* into the [United States]." *Id.* at 289 (emphasis added). Thus, the Court's reading of the relevant statutes is consistent with *Jennings*.

Consistent with its prior decisions addressing the same issue, the Court concludes that Martinez Zaldana is detained under § 1226(a), not § 1225(b)(2), and is thus entitled to a bond hearing. *See Singh*, 2025 WL 3298080, at *5; *Lopez*, 2025 WL 3217036, at *3; *Alonso*, 2025 WL 3083920, at *8.

## B.    Due Process

Martinez Zaldana asserts that her detention violates due process under the Fifth Amendment. (*See* D.N. 1, PageID.41–43 ¶¶ 143–55) Respondents argue that "Section 1225(b)(2) does not afford Petitioner the ability to obtain release on bond, and so the Due Process Clause does not either." (D.N. 8-2, PageID.164) Because Martinez Zaldana is detained under § 1226, not § 1225, Respondents' argument as to the due process required by § 1225(b)(2) is irrelevant. *Singh*, 2025 WL 3298080, at *5.

The Fifth Amendment's Due Process Clause extends to all persons, including noncitizens, regardless of immigration status and in the context of removal proceedings. *Plyler v. Doe*, 457 U.S. 202, 210 (1982) (citations omitted); *A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025) (per curiam) (citation omitted). To determine whether civil detention violates a petitioner's due process rights, the Court applies the three-part balancing test set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *Alonso*, 2025 WL 3083920, at *8 (citing *Barrera*, 2025 WL 2690565, at *6). Under that test, the Court weighs

> (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the United States' interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Barrera*, 2025 WL 2690565, at *6 (citing *Mathews*, 424 U.S. at 335).

Like the petitioners in *Barrera* and other cases recently before the Court, Martinez Zaldana "has a significant private interest in not being detained." *Id.*; *see Singh*, 2025 WL 3298080, at *6; *Alonso*, 2025 WL 3083920, at *9. Moreover, "the risk of erroneously depriving [Martinez Zaldana] of [her] freedom is high if the [immigration judge] fails to assess [her] risk of flight and dangerousness." *Lopez-Campos*, 797 F. Supp. 3d at 785; *see* 8 C.F.R. § 1236.1(c)(8), (d)(1). Finally, the Court "recognizes that the United States does have a strong interest in ensuring noncitizens do not harm their community and that they appear for future immigration proceedings." *Barrera*, 2025 WL 2690565, at *7 (citation omitted). But a "routine bond hearing before an [immigration judge]" presents "minimal" fiscal and administrative burdens, and "there is an established process for doing so that [the Department of Homeland Security] can readily follow here." *Hyppolite*, 2025 WL 2829511, at *15. Thus, because all three *Mathews* factors weigh in Martinez Zaldana's favor, the Court concludes that her detention violates due process.[4] *See Singh*, 2025 WL 3298080, at *5–6; *Barrera*, 2025 WL 2690565, at *6–7.

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)  Martinez Zaldana's petition for a writ of habeas corpus (D.N. 1) is **GRANTED**. Respondents are **DIRECTED** to immediately release Martinez Zaldana, and, in the event she is arrested and re-detained, provide her with a bond hearing before a neutral Immigration Judge in

---

[4] In light of this conclusion, the Court need not analyze the Administrative Procedure Act claim. *See Londono Perez v. Moniz*, No. 25-cv-13779-FDS, 2025 WL 3653846, at *2 (D. Mass. Dec. 17, 2025) (declining to reach claims under Fourth Amendment and Administrative Procedure Act after finding petitioner was entitled to bond hearing); *Demirel v. Fed. Det. Ctr.*, No. 25-5488, 2025 WL 3218243, at *1 (E.D. Pa. Nov. 18, 2025) (declining to consider claims under Administrative Procedure Act and due process after concluding that petitioner was entitled to a bond hearing).

accordance with 8 U.S.C. § 1226(a).  Respondents **SHALL** certify compliance with the Court's

Order by a filing on the docket no later than **Monday, January 26, 2026**.

(2)    Upon receipt of the notice of compliance, this matter will be **CLOSED**.

January 23, 2026

**David J. Hale, Chief Judge**
**United States District Court**